# Exhibit B

3/11/2021 10:53 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51376068
By: Maria Rodriguez
Filed: 3/11/2021 10:17 AM

*2021-14155 / Court: 281*

CAUSE NO. _____

| | | |
|---|---|---|
| DAVID KAY | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | HARRIS COUNTY, TEXAS |
| DUFRESNE SPENCER GROUP, LLC | § | |
| D/B/A ASHLEY FURNITURE | § | |
| | § | |
|     Defendant. | § | |
| | § | ____JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Comes now, David Kay (Kay), the plaintiff, and files this his Plaintiff's Original Petition against Dufresne Spence Group, LLC d/b/a Ashley Furniture (Dufresne), the defendant, and would show as follows:

### DISCOVERY

Discovery is to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### DAMAGES

Plaintiff seeks damages in excess of $250,000.

### THE PARTIES AND SERVICE OF PROCESS

Plaintiff is an individual and is a resident of Harris County, Texas.

The defendant Dufresne is a limited liability company and, based upon information and belief, is organized under the laws of the State of Delaware and may be served by and through its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

1

## VENUE AND CONDITIONS PRECEDENT

Venue is proper in Harris County, Texas under Tex. Civ. Prac. & Rem. Code §15.002(a) because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Harris County and Harris County and plaintiff is a resident of that county.

All conditions precedent have been satisfied to the filing of this lawsuit. Kay timely filed his Charge of Discrimination with the EEOC and Texas Workforce Commission-Civil Rights Division. He received his "right to sue" letter and this lawsuit is brought timely under Chapter 21 of the Texas Labor Code, the Age Discrimination in Employment Act (ADEA), the Family Medical Leave Act (FMLA) and the American with Disabilities Act (ADA).

## BACKGROUND

Kay is a sixty-year year old man and began work at Dufresne's Ashley Furniture store located at 14810 North Freeway, Houston, Harris County, Texas in July, 2012. He worked there up to the time of his wrongful termination on May 1, 2020. At the time began work, he was making $50,000 per year plus monthly bonuses. He received raises and bonuses since he began working there, all of this despite being born without a left hand. He was also diagnosed with ARDS in 2013 and is a diabetic with COPD. These medical conditions fall within the definition of covered "disabilities" under Chapter 126, §12102 (1) of the American with Disabilities Act (ADA) as well as Chapter 21 of the Texas Labor Code.

Hill County Holdings d/b/a Ashley Furniture was apparently purchased by Dufresne in early 2019 and has owned and operated the Ashley Furniture stores since then. On March 31, 2020, an employee at the location where Kay worked tested positive for COVID19. Dufresne closed the building and had it disinfected. Kay, along with other employees, was told to work from home. and to return to work on April 5, 2020 but without any personnel protection measures in place. On

April 13th, Kay had an appointment with his physician, Dr. Dorothy Lamping, and informed her of that employee's positive test result for COVID19. Due to his disabilities, and the obvious concerns about contracting COVID19, Kay was advised to work from home. The next day, his minor son, Tyler, had an appointment with his pediatrician. Tyler suffers from an auto immune disease which causes high fevers. His doctor was informed about the employee who tested positive for COVID19. Naturally, the doctor was very concerned given how easily communicable and deadly the disease was at that time, especially for persons who were vulnerable with medical conditions such as Kay's son, Tyler.

On April 14, 2020, Kay went to work and brought letters from his and Tyler's physicians. Kay presented these letters to Ms. Jennifer Casanova, Dufresne's Senior Human Resources Manager, and asked for a reasonable accommodation so that he could work from his office from 4:00 a.m. to noon in order to limit his exposure to COVID19 from other employees. He asked if he could work remotely from home for the remainder of the day. Instead of making this more than reasonable accommodation, the very next day Kay contacted Ms. Casanova as requested and was told that Dufresne was furloughing him on unpaid leave until May 1, 2020. He continued to work remotely from home for the rest of the day.

On April 15th, Ms. Casanova provided Kay with a COVID-19 Furlough Program notice informing him that he was being furloughed from Dufresne beginning "April 16, 2020" and continuing to May 1, 2020. A true and correct copy of that COVID-19 Furlough Program notice is attached hereto as Exhibit 1. Thus, by Dufresne's own decision, Kay was simply being *furloughed* and was not expected to work until May 1, 2020.

On April 30th—the day before the furlough was to expire—Kay had another appointment with his physician, Dr. Lamping. She informed Kay that he was still a high risk for COVID19 and

3

that he should continue to work remotely from home until May 18th. Dr. Lamping provided a second letter to Kay setting forth her concerns about him being a high risk. Kay forwarded that letter to Ms. Casanova. Instead of providing accommodation for Kay, or even letting him continue to work remotely as he had been, Ms. Casanova called him and asked him to resign his employment effective immediately. Kay asked to apply for leave under the FMLA and Ms. Casanova told him "no." He also inquired about taking leave under the Families First Coronavirus Response Act and Ms. Casanova also told him "no".

Incredibly, and despite the April 15th COVID-19 Furlough Program notice provided to Kay informing him that would not be working until May 1st, Ms. Casanova presented a letter dated that same day—May 1st-- to Kay stating he was being terminated because he had "been absent from work since April 16, 2020 and you have exhausted all available leave of absence granted to you as an accommodation." This allegation is not only blatantly wrong, but contradicts the very furlough notice that *Dufresne* gave him telling him that he cannot work between April 16th and May 1st. A copy of that letter is attached hereto as Exhibit 2. It violates several federal and state statutes as discussed below. In addition, Dufresne hired someone under the age of forty to take Mr. Kay's position.

### CAUSES OF ACTION

### Violation of Chapter 21 of the Texas Labor Code and the ADEA

Kay is over forty years old and thus comes under the protection of the ADEA and Chapter 21 of the Texas Labor Code regarding discrimination based upon age. It is illegal to demote, terminate or otherwise discriminate against an employee based upon his/her age if they are over the age of forty. 29 U.S.C. §621 *et seq.* and Section 21.051 of the Texas Labor Code. The termination based upon Kay not being at work since April 16th was due to Dufresne telling him he

4

was on furlough during that time. Dufresne had been suffering financial problems before and during the COVID19 pandemic and thus had the incentive to terminate higher-paid employees like my client. It is no coincidence that another older manager was terminated from Dufresne at around the same time as Kay. That manager was fifty years old: another badge of age discrimination.

All of this is evidence of age discrimination. Under the Texas Labor Code, to prevail on an age discrimination claim, Mr. Kay only has to show that his age was a motivating/partial reason for his termination: not the sole reason. *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d (Tex. 2001). The evidence shows that the termination was merely pre-textual. Kay sues under the ADEA and Chapter 21 of the Texas Labor Code for age discrimination and for all available damages.

**Violations of the American with Disabilities Act/Chapter 21 of the Texas Labor Code**

Dufresne also blatantly violated §12112 of the ADA as well as Chapter 21.051(1) of the Texas Labor Code by terminating Mr. Kay's employment due to his disabilities. Dufresne failed to make reasonable accommodations to Kay despite the fact that he could work partly at the office and partly at home. These violations subject Dufresne to the damages permitted under these statutes including back pay, projected front pay, non-compensatory damages as well as attorney's fees.

**Violation of the Family Medical Leave Act**

Dufresne has also violated §2615 of the FMLA, 29 U.S.C. §2611, *et. seq.* by refusing to provide and allow Kay to apply for and take family medical leave. As a result of such conduct, Kay is entitled to damages under §2617 consisting of the wages, salary and employment benefits he lost to him because of the actions of Dufresne: He is also entitled to liquidated damages in accordance with §2617(a) as well as his attorney's fees.

**Waiver and Estoppel**

5

The April 15th Furlough Program notice provided by Dufresne through Ms. Casanova states that Kay will *not* be working either remotely or at the building until May 1st, 2020. Yet, Ms. Casanova terminated Kay on April 30th, 2020 and signed and sent the termination letter on May 1, 2020. Absurdly, the termination letter stated that Kay was being let go because he had been "absent from work since April 16, 2020." These two documents cannot be reconciled and directly conflict with each other.

Dufresne has waived its right to terminate Mr. Kay's employment due to its written representations made in the Furlough Program notice instructing him that he is *not* to return to work before May 1st. By unilaterally giving Kay the Furlough Program notice, Dufresne has relinquished its right to say that he missed work from April 16th to May 1st because it took action inconsistent with its own notice. *United States Fidelity & Guaranty Co. v. Bimco Iron & Metal Corp.*, 464 S.W.2d 353 (Tex. 1971) In addition, Kay naturally relied upon that representation made in the Furlough Program Notice about not showing up for work during the time period designated by Dufresne. Kay has suffered damages by being wrongfully fired. Thus, Dufresne is estopped from, and has waived its right, from arguing that Mr. Kay did not show up for work between April 16th and May 1st and was fired for that reason. See: *Gulbenkian v. Penn*, 252 S.W.2d 929 (Tex. 1952).

**Fraud in the Inducement**

It shocks the conscious that a company would set up an employee to be fired by giving false documentation to him on which he is supposed to, and did, reasonably rely upon. Dufresne made the conscious decision to terminate Kay to save money and engineered a scheme to "set him up" for termination. Dufresne knew or had reason to know that Kay would rely upon the written

6

representations contained in the COVID19 Furlough Program notice and such reliance was foreseeable. Kay has suffered damages for the fraud committed by Dufresne and seeks damages.

## DAMAGES

At the time of his termination, Kay was earning a five-figure salary and received bonuses. Under §21.2585 of the Texas Labor Code, the ADEA, ADA and the FMLA, Kay is entitled to recover his back pay and compensatory damages. In addition, given that the actions of Dufresne constitute a discriminatory practice committed with malice or reckless indifference to the state-protected rights of Kay, he is entitled to recover punitive damages from and against Dufresne pursuant to §21.2585(b) and the corresponding federal statutes. Since, based upon information and belief, Dufresne has more than 500 employees, Kay seeks compensatory damages not to exceed $300,000 under both state and federal statutes.

Kay is entitled to the damages and liquidated damages as set forth above under the FMLA and other statutes. He also seeks punitive damages against Dufresne for the common law fraud it committed.

Kay also sues to recover his attorney's fees and expenses in accordance with the Texas Labor Code, the ADA, ADEA and the FMLA.

WHEREFORE, PREMISES CONSIDERED, Plaintiff David Kay prays that the Defendant Dufresne Spencer Group, LLC d/b/a Ashley Furniture be cited to appear and answer herein, that upon final trial of this cause, that he be awarded judgment against Defendant for his back pay, compensatory and punitive damages, liquidated damages and his attorney's fees from and against the defendant.

Respectfully submitted,

7

*/s/ R. Tate Young*
**R. TATE YOUNG**
**Tate Young Law Firm**
SBN: 22207100
5005 Woodway Drive
Suite 201
Houston, Texas 77056
Tel: (713) 626-7112
Fax: (713) 626-7113
Email: tyoung@tateyounglawfirm.com
Counsel for Plaintiff



# COVID-19 FURLOUGH PROGRAM

*2021-14155 / Court: 281*

In response to the COVID-19 outbreak within the United States, DSG has made the decision to begin a furlough program for team members during this period of nationwide pandemic.

This furlough would take place beginning ~~March 29,~~ April 16, 2020 and is expected to continue through May 1, 2020.

| | |
|---|---|
| Team Member Name: | David Kay |
| Department: | DC Management |
| Location: | Houston DC |
| Address During Leave: | 15119 Vincennes Oak Street Cypress, Tx 77429 |
| Phone # During Leave: | 832-392-8088 |
| Mobile #: | same as above |

I agree to abide by the terms and conditions of this furlough and acknowledge the following:

- I will not receive pay for the duration of this furlough period;

- I may use my accrued and unused PTO to cover a portion of my pay during this leave period;

- I will continue to accrue additional PTO time which I will be eligible for if I return as scheduled or earlier should the Company choose to recall me before that date;

- I will not receive pay for holidays that fall during the leave period;

- I will be eligible to apply for State Unemployment Benefits based on eligibility mandated by the State in which I currently reside, and the Company will not dispute any such claims related to this furlough;

- My current elected benefits will continue and the Company will make concessions for my portion of the premiums at the conclusion of this furlough;

- My failure to return to work on or before May 1st or sooner (in the event the Company notifies me of an earlier recall) will be considered a voluntary resignation, if no prior arrangements for an extension have been made.

| | |
|---|---|
| Team Member Signature: | *David S. Kay* |
| Date: | 4/15/20 |
| Name of Supervisor/Administrator: | George Tittle |
| Signature Date: | 4/15/20 |

**NOTE TO TEAM MEMBER:**
Your current PTO Balance may be viewed in Ultipro. The accrued portion would be prorated from your total balance and any time previously used within this calendar year would also be deducted. If you are uncertain about your accrued portion, please email HR@DSGHOME.COM .

If you wish to utilize PTO for partial payment during your leave, please send an email to HR@DSGHOME.COM to include your employee ID number and indicate what portion you would like to be paid for during your leave period. Upon completion, return this form to your supervisor.

If you have questions regarding your Benefits, please email lmyers@Collier.com

**NOTE TO SUPERVISOR:**
Upon receipt of this form, please sign where indicated and return completed form to HR@DSGHOME.COM

COVID-19 FURLOUGH PROGRAM

**EXHIBIT 1**

 2021-14155 / Court: 281

May 1, 2020

David Kay

15119 Vicennes Oak Street

Cypress, TX. 77049

Dear David Kay,

You have been absent from work since April 16, 2020 and you have exhausted all available leave of absence granted to you as an accommodation. You are not eligible for any additional leave as required by state and federal laws or under any company policy and we are unable to continue accommodating your absence. Regrettably, we must terminate your employment effective April, 30, 2020.

You are required to return any company property currently in your possession and should contact HR to facilitate a date and time to drop off DSG property and pick up any personal belongings. Failure to return such property may result in deductions from your final paycheck.

Information regarding COBRA benefits will be mailed to you within thirty (30) days after termination date.

Regards,

*Jennifer Casanova*

Jennifer Casanova
Sr. HR Manager
Dufresne Spencer Group


EXHIBIT 2